NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATHY BROWN,

Plaintiff-Appellant,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

No.   19-15722

D.C. No. 2:17-cv-03323-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted February 4, 2021[**]
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Kathy Brown appeals the district court's decision affirming the Commissioner

of the Social Security Administration's denial of her application for disability

insurance benefits. The Administrative Law Judge (ALJ) found that Brown retained

residual functional capacity to perform light work and that she is, therefore, not

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1567(b). We have jurisdiction under 28 U.S.C. § 1291, and "[w]e review the district court's order affirming the ALJ's denial of social security benefits de novo." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (citation omitted). We "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Id.* at 1154 (internal quotation marks and citation omitted).

Brown argues that the ALJ erred by rejecting her subjective pain testimony. If a claimant has shown that an impairment "could reasonably be expected to produce the pain or other symptoms alleged," the ALJ may reject "testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citations omitted). Here, the ALJ rejected Brown's statements "concerning the intensity, persistence and limiting effects of [her] symptoms," citing several medical studies and clinical examinations that do not support the severity of pain that Brown alleged. The ALJ also found that Brown's daily activities were "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Because such "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), the ALJ did not err in rejecting Brown's testimony.

Brown also argues that the ALJ erred by affording limited weight to the opinion of one of her treating physicians, Dr. Atul Syal, whom she saw three times over a 13-month period. A treating physician's opinion receives "substantial weight" if it is consistent with other substantial evidence in the record. *Ford*, 950 F.3d at 1154 (citation omitted); *see* 20 C.F.R. § 404.1527(c)(2) (2012). "But if the treating doctor's opinion is contradicted by another doctor, the ALJ may discount the treating physician's opinion by giving specific and legitimate reasons that are supported by substantial evidence in the record." *Ford*, 950 F.3d at 1154 (internal quotation marks and citation omitted). In this case, Dr. Syal's opinion regarding the extent of Brown's limitations conflicted with the medical evidence and opinions of other doctors, and the ALJ provided specific and legitimate reasons for rejecting Dr. Syal's opinion. Specifically, the ALJ found that Dr. Syal's opinion was inconsistent with his own treatment notes and with Brown's daily activities. *See id.*; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). The ALJ further determined that Dr. Syal heavily relied on Brown's subjective pain statements rather than clinical evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Because each of the ALJ's reasons for rejecting the treating physician's opinion is supported by substantial evidence, the ALJ did not err in weighing the medical evidence.

**AFFIRMED.**

3